

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00039-CV

_____

ELIZABETH O'NEILL, Appellant

V.

EDUARDO MORALES, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-297474-18

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

After pro se appellant Elizabeth O'Neill failed to appear for trial, the trial court signed a take-nothing judgment against her. In two issues, O'Neill complains that she failed to timely appear for trial because she had trouble finding parking that day. We will affirm.

O'Neill sued appellee Eduardo Morales for breach of contract, money had and received, and negligent misrepresentation. The trial court set the case for trial at 9:00 a.m. on January 22, 2019. Morales appeared, but O'Neill did not. The trial-court judge confirmed with the coordinator that O'Neill had not called the court and instructed the bailiff to call O'Neill's name in the hall. After the bailiff received no response, the trial-court judge announced that he would dismiss the case. The trial court then signed a take-nothing judgment against O'Neill.[1] O'Neill did not file any postjudgment motions requesting a new trial or asking the trial court to reinstate the case.

---

[1]Because O'Neill does not complain that the trial court should have dismissed her case without prejudice rather than adjudicating her claims on the merits, we do not address this issue. *See, e.g.*, *Beller v. Fry Roofing, Inc.*, No. 04-05-00159-CV, 2005 WL 3115828, at *2 (Tex. App.—San Antonio Nov. 23, 2005, no pet.) (mem. op.) (explaining that if a plaintiff fails to appear for trial, a trial court may dismiss the suit without prejudice but may not adjudicate the merits of the plaintiff's claims); *Chacon v. Jellison*, No. 03-02-00072-CV, 2003 WL 1560184, at *4 (Tex. App.—Austin Mar. 27, 2003, no pet.) (mem. op.) (concluding "that when a plaintiff fails to appear for trial, the trial court may only dismiss the plaintiff's claims without prejudice; it may not render a take-nothing judgment based on a plaintiff's failure to appear at trial").

On appeal, O'Neill asserts that even though she "left early to get to court[] on time," she was "about 5 minutes late" because she could not find parking near the courthouse. In her two issues, she complains that before dismissing her case, the trial court "should have allowed [her] a little more time to appear before the court" and should have considered "numerous scenarios," such as lack of parking, construction, or her being in an accident. In essence, O'Neill is arguing that her failure to timely appear was not intentional or the result of conscious indifference and could be reasonably explained. But she neither moved for a new trial nor moved to reinstate the case on these bases, and there is nothing in the record showing that she otherwise advised the trial court why she had failed to timely appear for trial on January 22.[2] Therefore, she has not preserved her issues for our review. *See* Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 165a(3), 324(b)(1). We thus overrule O'Neill's two issues and affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  January 30, 2020

---

[2]We also note that there is nothing in the record proving that O'Neill actually appeared at the courthouse that day.